Ray SOUTH and Wilma South *v.* Berl A. SMITH, Special
Administrator of the Estate of Nancy Walton

96-504                                          934 S.W.2d 503

Supreme Court of Arkansas
Opinion delivered February 3, 1997

*Arlon L. Woodruff*, for appellants/cross-appellees.

*Lyons, Emerson & Cone*, by: *Mike Cone*, for appellee/cross-appellant.

PER CURIAM. Petitioners Ray South and Wilma South petition for rehearing and assert that this court in its decision handed down on December 9, 1996, [*South v. Smith*, 326 Ark. 774, 934 S.W.2d 503 (1996)], should have remanded the matter as it related to the Texas bank accounts for further proceedings on how Texas law affects distribution of those accounts. The petition for rehearing is denied.

Respondent Berl A. Smith, special administrator of the Estate of Nancy Walton, averred by affidavit that the issue relating to the Texas accounts is moot because petitioner Ray South made a voluntary payment to the Estate of the amount due from the Texas accounts plus interest. Petitioners responded that the payment was not voluntary and that this is evidenced by their posting a superse-

deas bond. We disagree because we conclude the payment was voluntary.

 What this court and the Court of Appeals have said is that a payment may be involuntary if an appellant is *unable* to post a supersedeas bond. *See Shepherd v. State Auto Property & Casualty Ins. Co.*, 312 Ark. 502, 850 S.W.2d 324 (1993); *Lytle v. Citizens Bank of Batesville*, 4 Ark. App. 294, 630 S.W.2d 546 (1982). Here, the petitioners posted a supersedeas bond. Moreover, petitioners claimed their payment was involuntary; yet they occupied the status of cross-appellees. Therefore, a supersedeas bond was not required. The petition for rehearing is denied.